UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BERT E. THOMAS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:22-cv-74 |
| ) | |
| CENTERPOINT ENERGY, ) | |
| INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES**
(Demand for Jury Trial)

Comes now the Plaintiff, Bert E. Thomas ("Thomas"), and for his cause of action against the Defendant, states as follows:

NATURE OF CAUSE

1.     This action is brought under the provisions of 29 U.S.C. § 623 and 29 U.S.C. § 2601, *et seq*., and 28 U.S.C. § 1331 to redress and enjoin unlawful employment practices.

JURISDICTION

2.     Plaintiff Thomas is a male citizen of the United States and was employed by Defendant in this judicial district.

3.     Defendant, CenterPoint Energy, Inc. ("CenterPoint") is a domestic energy delivery company that provides electric transmission and distribution, natural gas distribution, and energy services operations in this judicial district and beyond.

1

4. CenterPoint is headquartered in Houston, Texas but is doing business in Indiana and employs persons in Indiana in this district.

5. At all times relevant to this Complaint, CenterPoint itself or in conjunction with related corporations and business entities which comprise the CenterPoint employed more than one hundred people (100) people.

6. CenterPoint is an employer within the meaning of 29 U.S.C. § 630.

7. Thomas was born on July 21, 1960 and is currently sixty-one (61) years old.

8. Thomas suffered an adverse employment action in violation of federal law and filed a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) on or about March 15, 2022.

9. On May 30, 2022, the EEOC issued a Notice of Right to Sue on Charge No. 470-2022-02053.

10. All conditions precedent to the institution of this action have been met.

GENERAL ALLEGATIONS

11. Originally hired on or about July 6, 2015 at Vectren Corporation, CenterPoint's predecessor, Thomas served in CenterPoint's System Analyst Department ("Department") for over six (6) years.

12. Thomas worked for CenterPoint as a Senior Support Analyst for Geographical Information System ("GIS") at CenterPoint's office in Evansville, Indiana.

13. Thomas was the oldest person in CenterPoint's Department and was

replaced by a person younger than Thomas.

14. Effective February 2019, and after Thomas had been working in the Department for over four (4) years, CenterPoint acquired Vectren and became Thomas' employer.

15. Prior to CenterPoint's acquisition of Vectren and when supervision of the Department was local to Evansville, Indiana, Thomas experienced no issues with his Indiana supervisors.

16. Prior to CenterPoint's acquisition of Vectren, Thomas received no negative feedback about his performance in the Department.

17. In fact, prior to CenterPoint's acquisition of Vectren, Thomas was viewed as a leader and valued employee in the Department.

18. Thomas received no performance concerns prior to CenterPoint's acquisition of Vectren.

19. After CenterPoint acquired Vectren, supervision of the Department shifted from Evansville, Indiana to Houston, Texas.

20. After CenterPoint acquired Vectren, Thomas was assigned to report to his CenterPoint supervisor in Houston – Thomas Hays ("Hays").

21. Thomas' supervisor Hays made disparaging comments to Thomas about Thomas' age.

22. At the relevant time period, Hays was aged 50 and therefore, more than a decade younger than Thomas.

23. At the relevant time period, Hays' supervisor was Jacob George, aged

45 and therefore, also more than a decade younger than Thomas.

24. After Hays became Thomas' supervisor, Hays implemented a highly stressful and demanding work environment for the Department.

25. Hays also specifically targeted Thomas and Thomas' work, doling out unfair and unjustified criticism of Thomas and Thomas' work.

26. Hays intentionally increased Thomas' workload demands beyond those of other team members.

27. Hays created time-consuming tasks only assigned to Thomas in order to make it impossible for Thomas to complete his normal workload.

28. Hays told Thomas he had to complete daily reporting as to each and every action he took that day, though no other counterpart in the Department had to complete the same reporting.

29. After implementing these onerous tasks, Hays then began a campaign of allegations of poor performance he manifested in sham performance reviews.

30. Hays created performance improvement plans ("PIP") which were impossible for Thomas to satisfy.

31. Thomas objected to Hays' PIPs and feedback but Hays was unrelenting.

32. As a result of Hays' unfair, harassing, and illegal treatment of Thomas, Thomas filed a complaint with CenterPoint's Ethics & Compliance Team ("Age Complaint").

33. Thomas told CenterPoint that Hays was discriminating against him

and harassing him because of his age.

34. Thomas also told CenterPoint that Hays was a poor manager and that the feedback and PIP were unfair and unjustified.

35. After Thomas filed his Age Complaint, Hays learned of Thomas' Age Complaint and thereafter, Hays retaliated against Thomas by increasing his harassment and unreasonable demands of Thomas.

36. Upon review of Thomas' Age Complaint and the PIP complained of, CenterPoint paused the PIP.

37. As a result of Thomas's Age Complaint, CenterPoint determined that Hays had a poor management style.

38. As a result of Thomas's Age Complaint, CenterPoint determined that Hays' PIP for Thomas lacked sufficient objective criteria for Thomas to demonstrate meaningful and sustained improvement.

39. As a result of Thomas' Age Complaint, CenterPoint counseled Hays.

40. However, even after investigation, CenterPoint permitted Hays to continue supervising Thomas.

41. Hays did not improve his treatment of Thomas after the Age Complaint.

42. Instead, Hays delivered yet another performance improvement plan to Thomas in retaliation for Thomas' Age Complaint.

43. Thomas disputed Hays' allegations in the additional performance improvement plan.

5

44. Thomas' wife underwent a medical procedure in January of 2022.

45. Thomas' wife suffered serious adverse complications following the medical procedure.

46. On January 31, 2022, Thomas reported to Hays that he was in the hospital with his wife, and on February 1, 2022, having not received a response, Thomas followed up on his report to Hays.

47. Thomas informed Hays of his wife's medical condition, and Hays confirmed receipt of Thomas' communication on February 1, 2022.

48. On February 2, Thomas specifically asked Hays whether he should take a leave of absence for the care of his wife's serious medical condition.

49. Thomas provided this same information to Hays' supervisor, Jacob George ("George").

50. Hays directed Thomas to CenterPoint's third-party administrator for family medical leave benefits.

51. Despite Thomas' request for family medical leave known to both Hays and George, Hays and George contacted Thomas while he was at the hospital with his wife to tell him that he was terminated.

52. CenterPoint's decision to terminate Thomas was based upon his age.

53. CenterPoint's performance improvement plans were pretext for discrimination and in retaliation for Thomas' Age Complaint.

54. CenterPoint's decision to terminate Thomas was also in retaliation for Thomas' request for a leave of absence to care for his wife, who was suffering a

life-threatening condition.

55. Thomas is fully qualified, experienced, and capable of handling all the duties expected of him as a Systems Analyst.

56. CenterPoint's actions are in violation of federal law.

## CAUSES OF ACTION

### COUNT I:  Age Discrimination

57. Thomas incorporates herein by reference each and every allegation contained in paragraphs 1 through 56 as if fully set forth herein.

58. Thomas, who at all times relevant to this Complaint was over the age of forty (40), is a member of a protected class.

59. Thomas held a position in the System Analyst Department and, although Thomas was fully qualified for his role and meeting legitimate expectations of the role, CenterPoint willfully failed and refused to continue to employ Thomas because of his age.

60. CenterPoint's adverse employment decisions would not have been made but for Thomas's age.

61. CenterPoint's adverse employment decisions would not have been made but for CenterPoint and Hays' perception that Thomas' advanced age (more than 10+ senior his supervisors) made him less employable, less trainable, and less qualified than his younger peers.

62. As a proximate result of CenterPoint's conduct, Thomas has suffered financial loss, damage to his professional reputation, emotional anguish,

humiliation, and other damages.

## COUNT II:   Retaliation

63. Thomas incorporates herein by reference each and every allegation contained in paragraphs 1 through 62 as if fully set forth herein.

64. As a result of Thomas' Age Complaint and the actions of Hays and Jacob, CenterPoint discriminated against and harassed Thomas.

65. As a result of Thomas' Age Complaint, CenterPoint and Hays specifically targeted Thomas and Hays increased his discrimination and harassment of Thomas.

66. As a result of Thomas' Age Complaint, CenterPoint and its managers Hays and Jacob retaliated against Thomas.

67. As a result of Thomas' request for family medical leave to care for his wife, CenterPoint terminated Thomas.

68. Defendant's actions violate federal law.

## COUNT III:   FMLA violation

69. Thomas incorporates herein by reference each and every allegation contained in paragraphs 1 through 68 as if fully set forth herein.

70. Thomas is an employee protected under the FMLA.

71. CenterPoint is an employer subject to the FMLA.

72. Thomas applied for, was eligible, and was granted FMLA leave.

73. Nevertheless, CenterPoint terminated Thomas immediately after learning of his request for FMLA leave.

74. By its actions and the actions of its agents Hays and Jacob, CenterPoint interfered with, restrained, and/or denied Thomas his rights under the FMLA and terminated him in violation of the FMLA.

75. CenterPoint's actions were willful and intentional.

76. As a direct and proximate result of CenterPoint's actions, Thomas has suffered and continues to suffer damages.

77. Defendant has violated 29 U.S.C. § 2601, *et seq.*

## PRAYER FOR RELIEF ON ALL COUNTS

WHEREFORE, Thomas respectfully prays for judgment against CenterPoint and in Thomas' favor with an award as follows:

a) Compensatory damages in an amount to be proven at trial and other non-pecuniary damages in an amount to be determined at trial;

b) Unpaid wages, front pay, back pay, prejudgment interest on the back pay and other compensations due and owing, compensation for retirement benefits, vacation pay, and other benefits;

c) Double damages and/or liquidated damages;

d) Injunctive relief enjoining CenterPoint from continuing to foster its discriminatory practices toward older workers;

e) Injunctive relief enjoining CenterPoint from continuing to foster its retaliatory practices toward workers who make complaints of harassment and/or file requests for family medical leave;

f) Costs incurred in pursuing this action, including reasonable attorney

fees and the fees of Thomas's experts, if any;

    g)    This Court retaining jurisdiction of this action to ensure full compliance by CenterPoint with the Court's judgment and decree; and

    h)    All such other relief to which Thomas may be entitled and which may be just and proper in the premises.

## RESERVATION OF RIGHTS

Pursuant to the rules of pleading and practice, Thomas reserves the right to assert additional violations of Federal Law and to assert violations of State Law, to the extent he so chooses.

Respectfully submitted,

*/s/ Crystal S. Wildeman*
Crystal S. Wildeman, IN Atty. No: 26603-82
BARBER & BAUER, LLP
124 SE First St. Ste 101
Evansville, IN 47708
E-mail: Wildeman@barlegal.net
Telephone: (812) 425-9211

## JURY DEMAND

Thomas demands trial by jury on all counts of this Complaint

Respectfully submitted,

*/s/ Crystal S. Wildeman*
Crystal S. Wildeman, IN Atty. No: 26603-82
BARBER & BAUER, LLP
124 SE First St. Ste 101
Evansville, IN 47708
E-mail: Wildeman@barlegal.net
Telephone: (812) 425-9211

Attorney for Bert E. Thomas